STATE of Minnesota, Respondent,

v.

Dennis Kirk FRANDSEN, Appellant.

No. C3–85–2182.

Court of Appeals of Minnesota.

July 29, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Gregory E. Korstad, Isanti Co. Atty., Paul D. Baertschi, Asst. Co. Atty., Cambridge, for respondent.

Steven A. Sicheneder, Christensen, Jennings & Sicheneder, P.A., North Branch, for appellant.

Considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Defendant appeals from a conviction for speeding in violation of Minn.Stat. § 169.-141 (1984). Appellant raises issues of improper admission of evidence and sufficiency of the evidence. We affirm.

## FACTS

On March 20, 1985, Trooper Kenneth Kammen was monitoring traffic from an aircraft approximately two miles south of Cambridge on Minnesota Highway 65 in Isanti County. He was using a stopwatch to time motor vehicles as they passed through a series of five hash marks painted on the highway. Trooper Kammen timed the automobile of appellant Dennis Kirk Frandsen as it passed through the marks. Trooper Kammen radioed to Trooper Charles F. Wilson who subsequently stopped appellant and gave him a traffic citation for speeding in violation of Minn. Stat. § 169.141.

Trooper Kammen calculated appellant's speed at 66.6 and 65.2 miles per hour in a 55 miles per hour zone by dividing the distance between hash marks by the time it took the car to pass through those marks. At trial, appellant pleaded not guilty. Appellant conceded the accuracy of the clock and stopwatch but contested the method used to measure the distances between hash marks. The court allowed Trooper Kammen to testify regarding his measurement of the distances between hash marks taken on June 17, 1985. Appellant objected on grounds that foundation was lacking, rendering the speed test unreliable. Appellant also objected to testimony by Trooper Kammen regarding statements made by a Trooper Landborg that during a stopwatch check the speedometer and radar device read 55 miles per hour. Appellant claims that this testimony constituted inadmissible hearsay and violated his sixth amendment right to confront witnesses. Finally, appellant claims that the evidence was insufficient to sustain the conviction.

## ISSUES

1. Did the trial court abuse its discretion in admitting into evidence an exhibit and testimony pertaining to distance measurements?

2. Did the trial court err in admitting into evidence testimony by Trooper Kammen regarding a statement made to him by another officer?

3. Was the evidence sufficient to sustain appellant's conviction of speeding?

## ANALYSIS

1. Appellant argues there was insufficient foundation for the admissibility of evidence pertaining to the measurement of the distances between the hash marks. Appellant does not dispute that a determination of speed by dividing distance by time is reliable. Nevertheless, appellant claims the State failed to prove that the test as applied in this case conformed to the procedure necessary to ensure reliability.

■ The proponent of a scientific test has the burden to prove that the test is reliable "and that its administration in the particular instance conformed to the procedure necessary to ensure reliability." *State v. Dille*, 258 N.W.2d 565, 567 (Minn. 1977). In *Dille*, the defendant claimed that the court erred in receiving into evidence the results of the blood test following a conviction for driving with a blood alcohol content of .10 percent or more because no proper foundation was laid with respect to the test's reliability as applied to that instance. Although no direct evidence was presented that the needle and bottle used to collect the defendant's blood sample were sterilized, the medical technologist testified that the needle had never been used before, a different needle is used on each patient, and the needles are disposed of after each use. The supreme court held that the prosecution thereby established prima facie proof of the trustworthiness of the test's administration. *Id.* at 568.

The defendant in *Dille* also claimed the test was unreliable because a "white chemical" was present in the sample bottle. The prosecution never explained the nature and identity of the chemical. Nevertheless, it was regular procedure for the state Bureau of Criminal Apprehension to furnish the bottle and its contents to police officers. The supreme court stated that evidence of this regular procedure "provided a sufficient indicium of reliability to establish the prima facie admissibility of the test results." *Id.* The burden then shifted to the defendant "to suggest a reason why the blood test was untrustworthy." *Id.* (footnote omitted).

■ After reviewing the record, we hold that the State met its burden under *Dille* of establishing the reliability of the hash marks. Although Trooper Kammen did not take measurements of the quarter mile zones until June 17, 1985, two witnesses testified the marks had not been moved or changed between the date of the citation and the date of the measurements. In addition, the tape measure was obtained from the Department of Transportation, whose employees originally measured the zones and painted the hash marks on the highway. Furthermore, a correlation existed between the measured distances, speed of the police car, and timing on the stopwatch. Trooper Kammen testified that he starts the stopwatch at the time the vehicle approaches a particular marker and runs the watch until after the vehicle crosses the next marker, allowing the length of a car as a margin of error. We find no evidence in the record indicating that the tape measure was not accurate or that there were confusing marks on the highway.

2. Appellant claims that the statements made by Trooper Landborg, that his speedometer and radar indicated that he was traveling at 55 miles per hour during the speed test, were inadmissible hearsay under Minn.R.Evid. 801(c). Appellant also claims that the admission of this evidence violated his right to confront witnesses as guaranteed under the sixth amendment.

■ The trial court stated it would admit the statement for purposes of establishing foundation. Minn.R.Evid. 703 provides that if facts or data are reasonably relied upon by experts in the particular field in forming opinions, the facts or data need not be admissible in evidence. The supreme court advisory committee note states that Rule 703 "is aimed at permitting experts to base opinions on reliable hearsay and other facts that might not be admissible under these rules of evidence." We find no abuse of discretion in admitting Trooper Landborg's statement for purposes of establishing foundation for the accuracy of the measurement.

■ The confrontation clause of the sixth amendment has been interpreted to exclude the introduction into evidence of some but not all hearsay. *Ohio v. Roberts*, 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980); *see State v. Hansen*, 312 N.W.2d 96, 102 (Minn.1981). If the evidence is not crucial to the case, however, it is less likely to involve a denial of a defendant's confrontation right. *State v. Daniels*, 380 N.W.2d 777, 787 (Minn.1986).

Because the evidence in question here was not crucial to the case, its admission

into evidence was not constitutional error. The statement by Trooper Landborg was merely admitted to help establish foundation for the accuracy of the measurements made by Trooper Kammen, who was cross-examined at trial. Furthermore, a large quantity of other evidence helped establish foundation, including the initial zone measurements by the Department of Transportation, subsequent zone measurements by Trooper Kammen using a tape measure supplied by the Department of Transportation, and Trooper Kammen's visual observation that appellant was speeding. Appellant offered no evidence showing that the statement was unreliable. We therefore find no violation of appellant's confrontation rights.

3. In light of our resolution of the previous issues, we conclude that there was sufficient evidence to support appellant's conviction.

## DECISION

The trial court properly admitted evidence regarding distance measurements and speed, and there was sufficient evidence to sustain appellant's conviction for speeding.

Affirmed.